Broughton *vs.* Godwin.

EDWARD BROUGHTON, plaintiff in error, *vs.* WILLIAM T. GODWIN, defendant in error.

By section 3666 of the Code the presiding Judge may exercise a sound discretion in granting or refusing new trials in cases where the verdict may be decidedly and strongly against the weight of evidence, although there may appear to be some slight evidence in favor of the finding.

In this case the Judge did not abuse the discretion which the law vests in him in refusing to grant a new trial.

Motion for new trial. Before Judge POPE. Troup Superior Court. November Term, 1868.

Broughton was seeking to foreclose a mortgage against Godwin. He resisted it upon the ground of payment. It appeared that Godwin let Broughton have $2,000 00, to be used for their joint benefit, or, if not so used, to be returned. Before it was absolutely certain that it would not be so used, Goodwin needed money, and asked Broughton for said $2,000 00; but instead of repaying him, Broughton loaned him $1,500 00 in greenbacks and $200 00 in gold, and took Godwin's notes therefor, with large usury added in each, and this mortgage to secure the smaller note. After it became certain that the $2,000 00 could not be used as was intended, Godwin again called for its repayment. Then Broughton gave up the note for the $1,500 00 loan, but retained the smaller one.

On the trial, GODWIN swore that at said settlement it was agreed, as part of it, that Broughton would also give up said smaller note, and that even that would not repay him the $2,000 00; but that he had agreed to take it and claim no more of said $2,000 00.

BROUGHTON testified that he did not so agree as to this smaller note. Each narated circumstances to strengthen his version of the affair. The jury found for the defendant. Plaintiff's attorneys moved for a new trial upon the ground that the verdict was contrary to the evidence. The new trial was refused, and that refusal is assigned as error.

SPEER & SPEER, (by BUCHANAN,) for plaintiff in error.

B. H. Bigham, (by Oliver,) for defendant.

Brown, C. J.

Under section 3666 of the Revised Code : Although there may be some slight evidence in favor of the finding, the Court may grant a new trial, but on hearing the motion for a new trial, the Judge may exercise a sound discretion in granting or refusing it, where the verdict may be decidedly and strongly against the weight of evidence.

This section vests in the Judges of the Superior Courts a very enlarged discretion, in deciding upon applications for new trials. They may grant them where there is some slight evidence to sustain the finding ; and they may refuse them where the verdict is decidedly and strongly against the weight of evidence. The Legislature has wisely vested this discretion in the Judge before whom the case is tried, who after carefully watching all the incidents of the trial, hearing the evidence as it is detailed on oath, and noticing the manner, tone, and countenance of the witness while on the stand, which cannot be transferred to paper and transmitted to the reviewing Court, is generally better able than we can be to form a correct conclusion. While the Supreme Court has the power to revise his decisions in this class of cases, it should be done cautiously and they should seldom be reversed unless some rule of law material to the rights of the parties has been violated.

In this case the evidence was very conflicting. The plaintiff gave one account of the transaction between the parties, and the defendant gave another ; and on very material points they contradicted each other. In such case it was the province of the jury to decide between them. They have done so, and the presiding Judge has refused to set aside the verdict.

We are of opinion the Judge did not abuse the discretion vested in him in refusing a new trial, and as no ruling of the Court on the trial is complained of, we will not interfere. Judgment reversed.